UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BRUCE MCNEIL,**

      **Plaintiff,**

v.                         Case No: 6:23-cv-1796-CEM-DCI

**BRIDGECREST ACCEPTANCE CORPORATION,**

      **Defendant.**

REPORT AND RECOMMENDATION

This cause comes before the undersigned *sua sponte* upon review of Plaintiff's amended complaint. Doc. 5 (the Amended Complaint). The undersigned finds that the Amended Complaint does not invoke this Court's subject matter jurisdiction, and therefore the undersigned recommends that this case be dismissed.

This Court is a court of limited jurisdiction, and as such, "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409-10 (11th Cir. 1999); *see also Hernandez v. U.S. Atty. Gen.*, 513 F.3d 1336, 1339 (11th Cir. 2008) (per curiam) ("As a preliminary matter, we must inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). A federal court has diversity jurisdiction over civil actions where there is complete diversity of citizenship among the opposing parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

In the Amended Complaint, Plaintiff alleges jurisdiction pursuant to 28 U.S.C. § 1332 but fails to allege any amount in controversy. Doc. 15 at 3-4. A review of the documents in the record

demonstrates that the total sale price for the contract at issue was $31,101.47—this is well below the $75,000.00 threshold, and even so, Plaintiff fails to include any amount in controversy within the four corners of the Amended Complaint. *See* Doc. 21-1 at 2. Based on the record before the Court, it does not appear that allowing an amended pleading or the submission of evidence would result in a determination that this Court has jurisdiction over this action. Thus, the undersigned finds that Plaintiff has not properly established diversity jurisdiction.

Accordingly, the undersigned **RECOMMENDS** that the Court:

1. dismiss the Amended Complaint (Doc. 5) for lack of subject matter jurisdiction;
2. terminate all pending motions, including Defendant's Motion to Stay Proceedings and Compel Arbitration (Doc. 10); and
3. direct the Clerk to close the case.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on January 24, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy