UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BRUCE MCNEIL,**

**Plaintiff,**

**v.**                                         **Case No.  6:23-cv-1796-CEM-DCI**

**BRIDGECREST ACCEPTANCE
CORPORATION,**

**Defendant.**
_____/

## ORDER

THIS CAUSE is before the Court upon *sua sponte* review of Plaintiff's Amended Complaint (Doc. 5). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 26), recommending that the Court (1) dismiss the Amended Complaint for lack of subject matter jurisdiction; (2) terminate all pending motions, including Defendant's Motion to Stay Proceedings and Compel Arbitration (Doc. 10); and (3) direct the Clerk to close the case, (Doc. 5 at 2). Plaintiff filed Objections (Doc. 27) to the R&R, to which Defendant did not file a response.

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See*

*also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff, proceeding *pro se*, brought this action for breach of contract,[1] alleging that Defendant "failed to perform fiduciary duties according to law," (Doc. 5 at 4), and claiming that this Court has diversity of citizenship jurisdiction over the action pursuant to 28 U.S.C. § 1332, (*id.* at 1). Pursuant to 28 U.S.C. § 1332(a), a district court shall have original jurisdiction where both "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the parties are "[c]itizens of different States." While Plaintiff alleged that he and Defendant are citizens of different states, Plaintiff did not plead that there is any amount in controversy. (*See generally* Doc. 5). Based on Plaintiff's "fail[ure] to include any amount in controversy within the four corners of the Amended Complaint," (Doc. 26 at 1), the Magistrate Judge found that Plaintiff had not properly established diversity jurisdiction, (*id.* at 2). Additionally, upon review of documents contained in the record, the Magistrate Judge observed that "it does not appear that allowing

---

[1] Plaintiff utilized a complaint form titled "Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract" for both his original complaint, (Compl., Doc. 1, at 1) and his amended complaint, (Doc. 5 at 1).

an amended pleading or the submission of evidence would result in a determination that this Court has jurisdiction over this action," (*Id.* (citing Retail Installment Contract and Security Agreement, Doc. 21-1, at 2)), and recommended that the Court direct the Clerk to close the case without permitting Plaintiff leave to amend his pleadings, (*id.*).

In his Objections, although he does not expressly object to any specific portion of the R&R, Plaintiff asserts that the amount in controversy is $581,101.47 and claims that amount is the "total cost of damages owed to [him]." (Doc. 27 at 4). He arrives at this sum using Section 29 of the Federal Reserve Act—codified at 12 U.S.C. § 504. (*Id.*). However, 12 U.S.C. § 504 "does not confer a private right of action. Instead, [it] is a statute governing civil penalties the government may impose on banks and affiliated parties." *Dada v. Andross*, No. 23-cv-22770-RAR, 2023 WL 4846610, at *2 (S.D. Fla. July 28, 2023). Therefore, courts have rejected attempts by private individuals to bring claims under that statute. *See Thomas v. Capital One*, No. 23-00216-TFM-B, 2024 WL 477027, at *7 (S.D. Ala. Jan. 10, 2024) (collecting cases rejecting a private cause of action under Section 29); *White v. Lake Union Ga Partners, LLC*, No. 1:23-cv-02960-VMC, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023) (doing the same). Thus, Plaintiff's Objections will be overruled.

Additionally, due to Plaintiff's misplaced reliance on Section 29 of the Federal Reserve Act to provide him an avenue for "monetary relief," (Doc. 5 at 4;

*see* Doc. 27 at 1–4), Plaintiff's failure to plead that there is any amount in controversy, and the total sale price for the contract at issue being well below the jurisdictional threshold, (*see* Doc. 21-1 at 2)—Plaintiff has not established that this Court has subject matter jurisdiction over this action. Thus, this Court will dismiss case without prejudice for lack of subject matter jurisdiction.[2] *See Guevara v. Republic of Peru*, 468 F.3d 1289, 1305 (11th Cir. 2006) ("If the court finds that it does not have subject matter jurisdiction, the court's sole remaining act is to dismiss the case for lack of jurisdiction.").

The Court finally turns to the Magistrate Judge's observation that based on the record it did not appear further amendment would result in the Court finding that it could exercise jurisdiction over this action. (Doc. 27 at 2). "While a *pro se* litigant must generally be given an opportunity to amend his complaint [if it might state a claim], a district court need not allow any amendment where amendment would be futile." *Lee v. Alachua Cnty.*, 461 F. App'x 859, 860 (11th Cir. 2012) (italics added). "Here, however, Plaintiff's complaint is being dismissed not for failure to state a claim under Rule 12(b)(6) but for lack of subject matter jurisdiction under Rule 12(b)(1), which is a dismissal *without prejudice.* Therefore, the policy

---

[2] "If subject-matter jurisdiction does not exist, dismissal must be without prejudice." *McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309, 1313 (11th Cir. 2021) (citing *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.")).

considerations supporting a *pro se* plaintiff's opportunity to amend do not apply squarely to this case." *Thomas v. Myers*, No. 2:22-cv-147, 2023 WL 3819186, at \*5 (S.D. Ga. June 5, 2023) (emphasis in original) (citation omitted).

Leave to amend is futile "when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Here, "the total sale price for the contract at issue [is] $31,101.47," which is "well below the $75,000.00 threshold" required for diversity of citizenship jurisdiction. (Doc. 26 at 2). Given Plaintiff alleges breach of contract and must meet the amount in controversy threshold set forth in 28 U.S.C. § 1332, it appears that even a "more carefully drafted complaint" would be futile. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). Therefore, no amendment will be permitted.

After review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, and considering Plaintiff's Objections, the Magistrate Judge's recommended disposition is accepted.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objections (Doc. 27) are **OVERRULED**.

2. The Report and Recommendation (Doc. 26) is **ADOPTED** and made a part of this Order.

3. This case is **DISMISSED without prejudice** for lack of subject matter jurisdiction without leave to amend.

4. Defendant's Motion to Stay (Doc. 10) is **DENIED as moot**.

5. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on July 25, 2024.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party